Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Jazz Pharmaceuticals Ireland Limited*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAZZ PHARMACEUTICALS IRELAND LIMITED,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GRANULES INDIA LIMITED,**<br><br>**Defendant.** | **Civil Action No. _____**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiff Jazz Pharmaceuticals Ireland Limited ("Jazz Pharmaceuticals"), by its

undersigned attorneys, for its Complaint against Defendant Granules India Limited ("Granules"),

alleges as follows:

### Nature of the Action

1.      This complaint is an action for patent infringement under the patent laws of the

United States, 35 U.S.C. § 100, *et seq.*, arising from Defendant's submission of Abbreviated

New Drug Application ("ANDA") No. 220725 ("Granules' ANDA") to the United States Food

and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer

to sell, and/or sell a generic version of Jazz Pharmaceuticals' Xywav® drug product prior to the

expiration of United States Patent Nos. 8,591,922 ("the '922 patent"); 8,772,306 ("the '306

patent"); 8,901,173 ("the '173 patent"); 9,050,302 ("the '302 patent"); 9,132,107 ("the '107 patent"); 9,486,426 ("the '426 patent"); 10,195,168 ("the '168 patent"); 10,213,400 ("the '400 patent"); 10,675,258 ("the '258 patent"); 10,864,181 ("the '181 patent"); 11,253,494 ("the '494 patent"); 11,426,373 ("the '373 patent"); 11,554,102 ("the '102 patent"); and 11,986,446 ("the '446 patent") (collectively, "the patents-in-suit"), which are all owned by Jazz Pharmaceuticals.

## The Parties

2.      Plaintiff Jazz Pharmaceuticals is a corporation organized and existing under the laws of Ireland, having a principal place of business at Waterloo Exchange, Waterloo Road, Dublin, Ireland 4.

3.      On information and belief, Defendant Granules is a corporation organized and existing under the laws of India, having a principal place of business at 15th Floor, Granules Tower, Botanical Garden Road, Kondapur, Hyderabad – 500084, Telangana, India.

## The Patents-in-Suit

3.      On November 26, 2013, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '922 patent, entitled, "Gamma-hydroxybutyrate compositions and their use for the treatment of disorders."  A copy of the '922 patent is attached hereto as Exhibit A.

4.      On July 8, 2014, the USPTO duly and lawfully issued the '306 patent, entitled, "Method of administration of gamma hydroxybutyrate with monocarboxylate transporters."  A copy of the '306 patent is attached hereto as Exhibit B.

5.      On December 2, 2014, the USPTO duly and lawfully issued the '173 patent, entitled, "Gamma-hydroxybutyrate compositions and their use for the treatment of disorders." A copy of the '173 patent is attached hereto as Exhibit C.

6.      On June 9, 2015, the USPTO duly and lawfully issued the '302 patent, entitled, "Method of administration of gamma hydroxybutyrate with monocarboxylate transporters."  A copy of the '302 patent is attached hereto as Exhibit D.

7.      On September 15, 2015, the USPTO duly and lawfully issued the '107 patent, entitled, "Gamma-hydroxybutyrate compositions and their use for the treatment of disorders."  A copy of the '107 patent is attached hereto as Exhibit E.

8.      On November 8, 2016, the USPTO duly and lawfully issued the '426 patent, entitled, "Method of administration of gamma hydroxybutyrate with monocarboxylate transporters."  A copy of the '426 patent is attached hereto as Exhibit F.

9.      On February 5, 2019, the USPTO duly and lawfully issued the '168 patent, entitled, "Gamma-hydroxybutyrate compositions and their uses for the treatment of disorders."  A copy of the '168 patent is attached hereto as Exhibit G.

10.     On February 26, 2019, the USPTO duly and lawfully issued the '400 patent, entitled, "Method of administration of gamma hydroxybutyrate with monocarboxylate transporters."  A copy of the '400 patent is attached hereto as Exhibit H.

11.     On June 9, 2020, the USPTO duly and lawfully issued the '258 patent, entitled, "Method of using gamma-hydroxybutyrate compositions for the treatment of disorders."  A copy of the '258 patent is attached hereto as Exhibit I.

12.     On December 15, 2020, the USPTO duly and lawfully issued the '181 patent, entitled, "Method of administration of gamma hydroxybutyrate with monocarboxylate transporters."  A copy of the '181 patent is attached hereto as Exhibit J.

13.     On February 22, 2022, the USPTO duly and lawfully issued the '494 patent, entitled, "Method of administration of gamma hydroxybutyrate with monocarboxylate transporters."  A copy of the '494 patent is attached hereto as Exhibit K.

14.     On August 30, 2022, the USPTO duly and lawfully issued the '373 patent, entitled, "Gamma-hydroxybutyrate compositions and their use for the treatment of disorders."  A copy of the '373 patent is attached hereto as Exhibit L.

15.     On January 17, 2023, the USPTO duly and lawfully issued the '102 patent, entitled, "Gamma-hydroxybutyrate compositions and their uses for the treatment of disorders."  A copy of the '102 patent is attached hereto as Exhibit M.

16.     On May 21, 2024, the USPTO duly and lawfully issued the '446 patent, entitled, "Method of administration of gamma hydroxybutyrate with monocarboxylate transporters."  A copy of the '446 patent is attached hereto as Exhibit N.

**The Xywav® Drug Product**

17.     Jazz Pharmaceuticals holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for calcium, magnesium, potassium, and sodium oxybates oral solution (NDA No. 212690), which it sells under the trade name Xywav®.  The claims of the patent-in-suit cover, *inter alia*, pharmaceutical compositions comprising calcium, magnesium, potassium, and sodium oxybates, and methods of use and administration of pharmaceutical compositions comprising calcium, magnesium, potassium, and sodium oxybates.  Jazz Pharmaceuticals owns the patents-in-suit.

18.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Xywav®.

19.    The labeling for Xywav® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Xywav® for the treatment of, *inter alia*, cataplexy or excessive daytime sleepiness in patients with narcolepsy.

20.    The labeling for Xywav® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to modify the dose of Xywav® for patients receiving calcium, magnesium, potassium, and sodium oxybates when divalproex sodium (valproate) is concomitantly administered.

21.    The labeling for Xywav® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Xywav® according to one or more of the methods claimed in the patents-in-suit.

## Jurisdiction and Venue

22.    This Court has jurisdiction over the subject matter of Counts I through XIV against Granules pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

23.    This Court has personal jurisdiction over Granules by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.

24.    On information and belief, Granules purposefully has conducted and continues to conduct business in this Judicial District.

25.    On information and belief, Granules is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

26.    On information and belief, this Judicial District is a likely destination for the generic drug product described in Granules' ANDA.

27.    On information and belief, Granules' fully owned subsidiary Granules USA, Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100902434.

28.    On information and belief, Granules exercises direction and/or control over Granules USA, Inc.

29.    On information and belief, Granules acts and/or operates directly and/or indirectly through Granules USA, Inc.

30.    In the alternative, this Court has personal jurisdiction over Granules because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Jazz Pharmaceuticals' claims arise under federal law; (b) Granules is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Granules has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Granules satisfies due process.

31.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b).

**Acts Giving Rise to This Suit**

32.    Pursuant to Section 505 of the FFDCA, Granules submitted Granules' ANDA seeking approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of calcium, magnesium, potassium, and sodium oxybates oral solution ("Granules' Proposed Product") before the expiration of the patents-in-suit.

33.     On information and belief, following FDA approval of Granules' ANDA, Granules will make, use, sell, or offer to sell Granules' Proposed Product throughout the United States, or import such generic product into the United States.

34.     On information and belief, in connection with the submission of Granules' ANDA as described above, Granules provided written certifications to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Granules' Paragraph IV Certifications"), alleging that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Granules' ANDA.

35.     No earlier than July 2, 2025, Granules sent a written notice of its Paragraph IV Certification to Jazz Pharmaceuticals ("Granules' Notice Letter"). Granules' Notice Letter alleged that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Granules' ANDA. Granules' Notice Letter also informed Jazz Pharmaceuticals that Granules seeks approval to market Granules' Proposed Product before the expiration of the patents-in-suit.

### Count I: Infringement of the '922 Patent

36.     Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

37.     Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '922 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

38.     There is a justiciable controversy between the parties hereto as to the infringement of the '922 patent.

39.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '922 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

40.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '922 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '922 patent and knowledge that its acts are encouraging infringement.

41.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '922 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '922 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

42.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '922 patent is not enjoined.

43.     Jazz Pharmaceuticals does not have an adequate remedy at law.

44.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count II: Infringement of the '306 Patent

45.     Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

46.     Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '306 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

47.     There is a justiciable controversy between the parties hereto as to the infringement of the '306 patent.

48.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '306 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

49.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '306 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '306 patent and knowledge that its acts are encouraging infringement.

50.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '306 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims

of the '306 patent and that there is no substantial non-infringing use for Granules' Proposed

Product.

51.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if

Granules' infringement of the '306 patent is not enjoined.

52.     Jazz Pharmaceuticals does not have an adequate remedy at law.

53.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award

of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '173 Patent

54.     Jazz Pharmaceuticals repeats and realleges the allegations of the preceding

paragraphs as if fully set forth herein.

55.     Granules' submission of its ANDA to obtain approval to engage in the

commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of

Granules' Proposed Product, prior to the expiration of the '173 patent, constitutes infringement

of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

56.     There is a justiciable controversy between the parties hereto as to the infringement

of the '173 patent.

57.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules

will infringe one or more claims of the '173 patent under 35 U.S.C. § 271(a) by making, using,

offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

58.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules

will induce infringement of one or more claims of the '173 patent under 35 U.S.C. § 271(b) by

making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the

United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules

will intentionally encourage acts of direct infringement with knowledge of the '173 patent and knowledge that its acts are encouraging infringement.

59.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '173 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '173 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

60.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '173 patent is not enjoined.

61.     Jazz Pharmaceuticals does not have an adequate remedy at law.

62.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### <u>Count IV:</u> <u>Infringement of the '302 Patent</u>

63.     Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

64.     Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '302 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

65.     There is a justiciable controversy between the parties hereto as to the infringement of the '302 patent.

66.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '302 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

67.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '302 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '302 patent and knowledge that its acts are encouraging infringement.

68.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '302 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '302 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

69.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '302 patent is not enjoined.

70.    Jazz Pharmaceuticals does not have an adequate remedy at law.

71.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count V: Infringement of the '107 Patent

72.     Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

73.     Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '107 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

74.     There is a justiciable controversy between the parties hereto as to the infringement of the '107 patent.

75.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '107 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

76.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '107 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '107 patent and knowledge that its acts are encouraging infringement.

77.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '107 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims

of the '107 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

78.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '107 patent is not enjoined.

79.    Jazz Pharmaceuticals does not have an adequate remedy at law.

80.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VI: Infringement of the '426 Patent

81.    Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

82.    Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '426 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

83.    There is a justiciable controversy between the parties hereto as to the infringement of the '426 patent.

84.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '426 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

85.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '426 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules

will intentionally encourage acts of direct infringement with knowledge of the '426 patent and knowledge that its acts are encouraging infringement.

86.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '426 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '426 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

87.     Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '426 patent is not enjoined.

88.     Jazz Pharmaceuticals does not have an adequate remedy at law.

89.     This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count VII: Infringement of the '168 Patent**

90.     Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

91.     Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '168 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

92.     There is a justiciable controversy between the parties hereto as to the infringement of the '168 patent.

93.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '168 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

94.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '168 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '168 patent and knowledge that its acts are encouraging infringement.

95.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '168 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '168 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

96.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '168 patent is not enjoined.

97.    Jazz Pharmaceuticals does not have an adequate remedy at law.

98.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count VIII: Infringement of the '400 Patent**

99.     Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

100.     Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '400 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

101.     There is a justiciable controversy between the parties hereto as to the infringement of the '400 patent.

102.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '400 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

103.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '400 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '400 patent and knowledge that its acts are encouraging infringement.

104.     Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '400 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims

- 17 -

of the '400 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

105.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '400 patent is not enjoined.

106.    Jazz Pharmaceuticals does not have an adequate remedy at law.

107.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count IX: Infringement of the '258 Patent

108.    Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

109.    Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '258 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

110.    There is a justiciable controversy between the parties hereto as to the infringement of the '258 patent.

111.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '258 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

112.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '258 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules

will intentionally encourage acts of direct infringement with knowledge of the '258 patent and knowledge that its acts are encouraging infringement.

113.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '258 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '258 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

114.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '258 patent is not enjoined.

115.    Jazz Pharmaceuticals does not have an adequate remedy at law.

116.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count X: Infringement of the '181 Patent

117.    Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

118.    Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '181 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

119.    There is a justiciable controversy between the parties hereto as to the infringement of the '181 patent.

120.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '181 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

121.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '181 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '181 patent and knowledge that its acts are encouraging infringement.

122.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '181 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '181 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

123.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '181 patent is not enjoined.

124.    Jazz Pharmaceuticals does not have an adequate remedy at law.

125.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XI: Infringement of the '494 Patent**

126.    Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

127.    Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '494 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

128.    There is a justiciable controversy between the parties hereto as to the infringement of the '494 patent.

129.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '494 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

130.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '494 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '494 patent and knowledge that its acts are encouraging infringement.

131.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '494 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims

of the '494 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

132. Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '494 patent is not enjoined.

133. Jazz Pharmaceuticals does not have an adequate remedy at law.

134. This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count XII: Infringement of the '373 Patent

135. Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

136. Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '373 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

137. There is a justiciable controversy between the parties hereto as to the infringement of the '373 patent.

138. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '373 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

139. Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '373 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States. On information and belief, upon FDA approval of Granules' ANDA, Granules

will intentionally encourage acts of direct infringement with knowledge of the '373 patent and knowledge that its acts are encouraging infringement.

140.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '373 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '373 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

141.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '373 patent is not enjoined.

142.    Jazz Pharmaceuticals does not have an adequate remedy at law.

143.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count XIII: Infringement of the '102 Patent

144.    Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

145.    Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '102 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

146.    There is a justiciable controversy between the parties hereto as to the infringement of the '102 patent.

147.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '102 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

148.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more claims of the '102 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States. On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '102 patent and knowledge that its acts are encouraging infringement.

149.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '102 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States. On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims of the '102 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

150.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '102 patent is not enjoined.

151.    Jazz Pharmaceuticals does not have an adequate remedy at law.

152.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count XIV:** **Infringement of the '446 Patent**

153.    Jazz Pharmaceuticals repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

154.    Granules' submission of its ANDA to obtain approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of Granules' Proposed Product, prior to the expiration of the '446 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

155.    There is a justiciable controversy between the parties hereto as to the infringement of the '446 patent.

156.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will infringe one or more claims of the '446 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.

157.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will induce infringement of one or more of the claims of the '446 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, upon FDA approval of Granules' ANDA, Granules will intentionally encourage acts of direct infringement with knowledge of the '446 patent and knowledge that its acts are encouraging infringement.

158.    Unless enjoined by this Court, upon FDA approval of Granules' ANDA, Granules will contributorily infringe one or more claims of the '446 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Granules' Proposed Product in or for the United States.  On information and belief, Granules has had and continues to have knowledge that Granules' Proposed Product is especially adapted for a use that infringes one or more claims

of the '446 patent and that there is no substantial non-infringing use for Granules' Proposed Product.

159.    Jazz Pharmaceuticals will be substantially and irreparably damaged and harmed if Granules' infringement of the '446 patent is not enjoined.

160.    Jazz Pharmaceuticals does not have an adequate remedy at law.

161.    This case is an exceptional one, and Jazz Pharmaceuticals is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff Jazz Pharmaceuticals respectfully requests the following relief:

(A)    A Judgment that Granules has infringed the patents-in-suit by submitting ANDA No. 220725;

(B)    A Judgment that Granules has infringed, and that Granules' making, using, selling, offering to sell, or importing Granules' Proposed Product will infringe one or more claims of the patents-in-suit;

(C)    An Order that the effective date of FDA approval of ANDA No. 220725 be a date which is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Jazz Pharmaceuticals is or becomes entitled;

(D)    Preliminary and permanent injunctions enjoining Granules and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, or importing Granules' Proposed Product until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Jazz Pharmaceuticals is or becomes entitled;

(E)    A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Granules, its officers, agents, attorneys, and employees, and those acting in privity

and/or concert with them, from practicing any compositions or methods claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Jazz Pharmaceuticals is or becomes entitled;

(F)     A Judgment that the manufacture, use, offer for sale, or sale in, and/or importation into, the United States of Granules' Proposed Product will directly infringe, induce and/or contribute to infringement of the patents-in-suit;

(G)     To the extent that Granules, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, have committed any acts with respect to the compositions or methods claimed in the patents-in-suit, a Judgment awarding Jazz Pharmaceuticals damages for such acts;

(H)     If Granules, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the manufacture, use, offer for sale, or sale in, and/or importation into, the United States of Granules' Proposed Product prior to the expiration of the patents-in-suit, a Judgment awarding damages to Jazz Pharmaceuticals resulting from such infringement, together with interest;

(I)     A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J)     A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Jazz Pharmaceuticals its attorneys' fees incurred in this action;

(K)     A Judgment awarding Jazz Pharmaceuticals its costs and expenses incurred in this action; and

(L)     Such further and other relief as this Court may deem just and proper.

Dated:  August 13, 2025

*Of Counsel*:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Marta A. Godecki
Abigail DeMasi
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
(212) 849-7000

By: s/ Charles M. Lizza
    Charles M. Lizza
    Sarah A. Sullivan
    Alexander L. Callo
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, New Jersey  07102-5426
    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiff*
    *Jazz Pharmaceuticals Ireland Limited*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter captioned

*Jazz Pharmaceuticals Ireland Limited v. Lupin Inc.*, *et al.*, No. 21-14271 (SRC)(JSA) (D.N.J.)

(consolidated) is related to the matter in controversy because the matter in controversy involves

the same plaintiff and the same patents, and because Granules is seeking FDA approval to

market generic versions of the same pharmaceutical product.

I further certify that, to the best of my knowledge, the matter in controversy is not the

subject of any other action pending in any court, or of any pending arbitration or administrative

proceeding.


Dated:  August 13, 2025                          By: s/ Charles M. Lizza
                                                     Charles M. Lizza
                                                     Sarah A. Sullivan
                                                     Alexander L. Callo
*Of Counsel*:                                        SAUL EWING LLP
                                                     One Riverfront Plaza, Suite 1520
F. Dominic Cerrito                                   Newark, New Jersey  07102-5426
Eric C. Stops                                        (973) 286-6700
Evangeline Shih                                      clizza@saul.com
Andrew S. Chalson
Gabriel P. Brier                                     *Attorneys for Plaintiff*
Frank C. Calvosa                                     *Jazz Pharmaceuticals Ireland Limited*
Marta A. Godecki
Abigail DeMasi
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
(212) 849-7000